This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Sidney C. Jiles, appeals from the decision of the Summit County Court of Common Pleas. We affirm in part, reverse in part and remand.
 {¶ 2} On May 6, 2002, Mr. Jiles was indicted on one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree. Mr. Jiles pled not guilty and a jury trial was held. The jury found Mr. Jiles guilty and the trial court entered judgment and sentenced him accordingly. As part of the sentence, the trial court ordered Mr. Jiles to pay restitution to West Hill Hardware in the amount of $870.00. Mr. Jiles now appeals.
 {¶ 3} Mr. Jiles asserts three assignments of error. We will address the first and second assignments of error together to facilitate review.
 First Assignment of Error {¶ 4} "THE EVIDENCE ADDUCED AT TRIAL WAS LEGALLY INSUFFICIENT TO SUPPORT THE VERDICT."
 Second Assignment of Error {¶ 5} "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 6} In his first and second assignments of error, Mr. Jiles asserts that the evidence presented at trial was insufficient to support the verdict and that his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 7} We will consider Mr. Jiles' argument that the conviction was against the manifest weight of the evidence first. When determining whether a conviction is against the manifest weight of the evidence,
 {¶ 8} "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 9} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 10} In order to find Mr. Jiles guilty of breaking and entering, the prosecution needed to prove the elements which are set forth in R.C. 2911.13(A) as follows: "No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony."
 {¶ 11} R.C. 2901.22(A) states that "[a] person acts purposely when it is his specific intention to cause a certain result[.]" In defining theft, R.C. 2913.02(A)(1) states: "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: *** Without the consent of the owner or person authorized to give consent." Mr. Jiles does not contest that he trespassed on the property. Applying the foregoing to the facts of this case, we now turn to the evidence adduced at trial.
 {¶ 12} In the present case, Cory Pasket, a security guard for Summit Security, testified that, on April 19, 2002, he was providing night security for West Side Mercury, a car dealer lot on West Market Street, located in Summit County. Mr. Pasket testified that, around 2:00 a.m., he observed a man throw rocks through the window of West Hill Hardware, which was located across the street from West Side Mercury. Mr. Pasket testified that he watched the man break the glass with his hands, enter, and then go to the back of the store. Mr. Pasket testified that the man was wearing a white shirt and blue jeans. Mr. Pasket further testified that, when the man came out of the store, it did not appear that he was carrying anything.
 {¶ 13} Officer David Long, a police officer with the city of Akron, testified that another officer stopped Mr. Jiles approximately two blocks from West Hill Hardware because he matched the description given by Mr. Pasket. Officer Long testified that he observed that Mr. Jiles appeared to be intoxicated and his hand was bleeding. Officer Long also testified that the blood from Mr. Jiles' hand was dripping onto the sidewalk. Officer Long testified that Mr. Jiles told him that he got the cut on his hand from a fight with his girlfriend during which he had thrown a beer bottle and broken a window. Officer Long further testified that he observed Officer Dugan frisk Mr. Jiles, but that Officer Dugan did not remove anything from Mr. Jiles.
 {¶ 14} Detective David Hayes, a detective for the Akron Police Department, testified that there was blood on the hardware store's glass, floor, cash register and sidewalk. Detective Hayes further testified that he saw a trail of blood leading away from the hardware store and across the street to the car dealership. Detective Hayes conceded that he was not aware that any of the blood samples taken from the scene were compared with Mr. Jiles' blood.
 {¶ 15} Detective Hayes testified that there was a footprint on a mirror inside the store and identified a picture of the footprint on the mirror. Detective Hayes also testified that Mr. Jiles' shoes matched the footprint on the mirror. Detective Hayes testified that he observed that the cash register drawer was outside of the cash register.
 {¶ 16} Paul Tschantz, the owner of West Hill Hardware, testified that he was not aware that anything was taken when the hardware store was broken into. Mr. Tschantz further testified that it looked like someone opened the cash register. Mr. Tschantz testified that his cash register does not usually have a blood stain on it. Mr. Tschantz testified that any of his employees are allowed to take the cash out of the cash register. He also testified that he did not know if any employees had cut themselves on the day in question.
 {¶ 17} After careful review of the record, we cannot conclude that the trier of fact lost its way and created a manifest miscarriage of justice when it convicted Mr. Jiles of breaking and entering. Although conflicting testimony was presented, we refuse to overturn the verdict because the jury chose to believe other testimony. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the [trier of fact] believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757. Accordingly, we hold that Mr. Jiles' conviction was not against the manifest weight of the evidence.
 {¶ 18} "Because sufficiency is required to take a case to the [trier of fact], a finding that a conviction is supported by the manifest weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. Having already found that Mr. Jiles' conviction was not against the manifest weight of the evidence, we conclude that there was sufficient evidence to support the verdict in this case.
 {¶ 19} Mr. Jiles' first and second assignments of error are overruled.
 Third Assignment of Error {¶ 20} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN IMPOSING RESTITUTION COSTS WITHOUT ANY SUPPORT IN THE RECORD AS TO WHETHER VICTIM HAD ALREADY BEEN REIMBURSED FOR ACTUAL DAMAGES BY AN INSURANCE CARRIER." [sic.]
 {¶ 21} In his third assignment of error, Mr. Jiles asserts that the trial court abused its discretion by ordering restitution costs to be paid to West Hill Hardware without evidence to support the amount of the damages. In its brief, the State concedes that the record does not contain enough information to ascertain that the loss totaled $870.00. The State requests that the matter be remanded for an evidentiary hearing as to value. Consequently, Mr. Jiles' third assignment of error is sustained and this matter is remanded for an evidentiary hearing as to the value of damages.
 {¶ 22} Mr. Jiles' first and second assignments of error are overruled. Mr. Jiles' third assignment of error is sustained. The decision of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
SLABY, P.J. CONCURS.